was based upon his own personal beliefs and not upon the general reputation of the appellant as to the trait of character inquired about.

In Watson v. State, Tex.Cr.App., 244 S. W.2d 515, the rule was again followed which requires that a character witness must base his testimony upon the general reputation of the person involved and not upon the witness' individual opinion.

We note that in passing sentence upon the appellant the trial court failed to apply the provisions of the indeterminate sentence law, Art. 775, C.C.P., Vernon's Ann.C.C.P. art. 775. Tucker v. State, 136 Tex.Cr.R. 586, 127 S.W.2d 300; Swidan v. State, Tex. Cr.App., 238 S.W.2d 537. Accordingly, the sentence is now reformed so as to fix appellant's punishment at not less than one year nor more than eighteen months in the penitentiary, the minimum punishment for the instant offense being, under Art. 1160, P.C., one year.

No error appearing, and the sentence being reformed, the judgment is affirmed.

Opinion approved by the court.

No attorney on appeal, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

GRAVES, Presiding Judge.

The conviction is for the unlawful possession of beer for the purpose of sale in a dry area, and the punishment is assessed at a fine of $200.00.

The record is before us without a statement of facts or bills of exception, in the absence of which no question is presented for review.

The judgment of the trial court is affirmed.